# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RONNIE EUGENE WILLIAMS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV417-036 |
| MARTIN ALLEN, Warden, | ) ) | |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

Ronnie Williams, currently incarcerated at Georgia State Prison in Reidsville, Georgia, once again (for at least the *twelfth* time) asks for habeas relief on his state criminal conviction despite the Court's unambiguous warning that further requests for recalculation of his sentence would expose him to further sanctions. *See Williams v. Allen*, No. CV416-324, doc. 5 (imposing $500 sanction after petitioner filed an *eleventh* petition for habeas relief, despite prior warnings). Yet again, the Court notes that:

> Petitioner has wasted this Court's resources several times through the years with unmeritorious (and unauthorized) successive attempts at habeas relief from his state court conviction and sentence. *See Williams v. Owens*, No. 412CV019 (S.D. Ga. Mar. 28, 2012) (R&R recommending dismissal of his *fifth* § 2254 attempt). *See also Williams v. State Board of Pardon and Paroles*, No. 408CV105 (S.D. Ga. Nov. 19, 2008); *Williams v. Barrow*, No.

405CV167 (S.D. Ga. Oct. 24, 2005); *Williams v. Johnson*, No. 403CV069 (S.D. Ga. Oct. 16, 2003); *Williams v. Johnson*, No. 402CV044 (S.D. Ga. Mar. 14, 2002); *Williams v. Smith*, No. 495CV176 (S.D. Ga. Aug. 4, 1995). And that is just in the Southern District of Georgia.

*Byson*, No. CV416-232, doc. 6 at n. 1; *see also Williams v. Toole*, CV414-088 (S.D. Ga. Oct. 7, 2015) (denying his seventh § 2254 petition on the merits).[1] Yet, petitioner returns *again* without authorization from the

---

[1] As summarized by this Court in (one of several) prior decisions on the merits:

> Williams is a serial burglar. In 1991, he was indicted on nine counts of burglary, three counts of entering an auto, and a recidivist count. He pled guilty to all charges and received a 15-year sentence (15 years for the burglary counts, to run concurrently to each other, and 5 years on the entering-an-auto counts, to run concurrently to each other and to the burglary counts). He was ultimately paroled on February 22, 1993.
>
> Williams wasted no time after his release from prison before reentering his life of crime. He was indicted in August 1993 for a burglary committed between March 14-16, 1993, and for another burglary on April 6, 1993. A jury found him guilty of the April 6 burglary, one count of theft by receiving, and one of obstruction of a police officer. On February 3, 1994, the state court sentenced him to one year for theft, one year for obstruction, and 20 years for burglary, all of which Williams was to serve "consecutive to Parole sentence now serving."
>
>> n.1 On March 24, 2000, the trial court issued a "corrected sentence" clarifying that it sentenced Williams to serve 20 years for burglary "consecutive to any sentence previously adjudged," one year for theft, and one year for obstruction, to run consecutively to each other and the 20 year burglary sentence, for a total of 22 years to serve.
>
> Shortly after the jury's verdict, his parole was revoked for the 1991 burglary and entering-an-auto convictions.

*Toole*, CV414-088, doc. 16 at 2-3 (internal cites omitted). Williams has since found it impossible to accept his "corrected sentence" -- despite several decisions on the merits indicating he should so do.

Each time in his § 2254 petitions (and § 2254 petitions disguised as § 2241

2

Eleventh Circuit and "[w]ithout so much as a hint that he has run his 28 U.S.C. § 2254 claims through this Court [*nine*] times before," to challenge the calculation and application of his state sentence. CV412-

---

petitions), Williams challenges the same handful of things, in various combinations: the admission of fingerprint evidence, the admission of evidence of a prior burglary conviction (of which he had several) at trial, the "corrected sentence" entered by the trial court clarifying that his sentence for the 1994 burglary was not to begin until he finished the full sentence for his 1991 burglary, and the revocation of his parole for the 1991 burglary when he was convicted for the 1994 burglary. *See* No. CV416-232 (denied as successive claim that the "corrected sentence" denied him "credit" he is entitled to "without due process of law"); No. CV414-088 (denying on the merits claim that his sentences should run concurrently and that parole was unconstitutionally revoked); No. CV412-019 (denied as successive claims that the court erred by admitting evidence of fingerprints and prior conviction and that he was denied representation of counsel prior to entry of the "corrected sentence"); No. CV408-105 (denied as successive claim that the denial of parole at sentencing (somehow by the parole board, perhaps in collusion with, the trial court) violated due process); No. CV405-167 (transferred from the Northern District of Georgia, denied as successive that the trial court erred by admitting fingerprint evidence); No. CV403-069 (denied on the merits claim that the trial court's "corrected sentence" somehow violated due process and Fifth Amendment double jeopardy), *id.* at doc. 27 (mandate denying Certificate of Appealability because Williams "failed to make the requisite showing" under 28 U.S.C. § 22533(c)(2)); No. CV402-044 (denied as successive claims that the trial court erred by admitting evidence of fingerprints and prior conviction and that his "corrected sentence" did "not accurately reflect[ ] the oral sentence"); No. CV495-176 (denied on the merits challenge to sentence and admission of evidence), *id.* at doc. 32 (mandate denying Certificate of Probable Cause because Williams "has failed to make a substantial showing of the denial of a federal right."). *See also Williams v. Chatman*, No. 2013-HC-27-JS (Tatnall Super. Ct. Sept. 19, 2014) (denying writ of habeas corpus as to whether his sentences are consecutive); *Williams v. Chatman*, No. S15H0225 (Ga. Mar. 2, 2015) (denying certificate of probable cause to appeal).

Having learned, somewhat, from this Court's prior order imposing sanctions, petitioner apparently seeks to circumvent this Court's sanctions warning with conclusory claims that his "liberty" and "due process" rights are being violated by his continued incarceration. Doc. 1 at 6-8. Of course, he still lacks authorization from an Eleventh Circuit panel to be heard, despite the Court's unambiguous instructions to either gain that authorization or stop filing unauthorized petitions which are dead in the water. *See, e.g.*, CV416-324, doc. 5 at 3.

3

019, doc. 4 at 1.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Williams sought no such permission, this Court "is not at liberty to consider" his *ninth* § 2254 petition. *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012). Accordingly, his unauthorized successive § 2254 petition, which is otherwise meritless, should be **DISMISSED**.[2] And,

---

[2] Even assuming his petition was authorized procedurally, it is meritless substantively. Unedited and in full, petitioner contends that he is entitled to "release from imprisonment" because:

> Ground One: Deprivation of liberty without Due Process of Law 14 Amendment
>
> The petitioner is confined under the State of Georgia Department of Correction without any protection of due process of law which deprive the petitioner his right to liberty an that the state department continued to keep the petitioner imprisonment deprivation of a right without any authority under Georgia law.
>
> The petitioner deprivation
>
> Ground Two: Denied Due Process of Law 14 Amendment
>
> There were no requirement of a notice or hearing by the department of Correction of GEORGIA before the petitioner were taken away of his rights the petitioner unlawful confinement continuing by the State of GEORGIA Department of Correction
>
> Deprive of a right
>
> Deprivation of liberty Contrary to Law 14 Amendment

4

pursuant to the Court's prior Orders in CV416-324 (doc. 5) and CV416-232 (doc. 6), his motion for leave to proceed *in forma pauperis* is **DENIED**. Williams is **ORDERED** to pay the $5 filing fee within 14 days of this Order.

By "continuing to raise a claim that he is statutorily prohibited from pursuing" -- conduct that the Court repeatedly cautioned him would be considered "vexatious litigation that warrant[s] some type of sanction," *see, e.g.*, CV 416-324, doc. 5 at 5-6; CV416-232, doc. 6 at 5 -- Williams has again crossed the sanctions line. Given the persistence of his abuse, undeterred even in the face of the Court's repeated warnings and recommendation of a $500 sanction (to be collected from his prison account), the time has come to manage an inmate who won't manage

---

The State continued to keep the petitioner incarcerated without any Due Process of Law the petitioner is house at Georgia State Prison in violation of the Constitution of the United State/unlawfully confine an that the State Department of Correction has deprive the Petitioner his rights to liberty.

Doc. 1 at 5-8, 14. Word soup peppered with constitutional triggerwords is obviously not enough. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"). Habeas petitioners cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing."); *see also Johnson v. Razdan*, 564 F. App'x 481, 484 (11th Cir. 2014) ("Although *pro se* briefs are to be construed liberally, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal."). Williams is not entitled to relief in this Court and his petition otherwise should be dismissed.

himself. In that regard, the Court recognizes that "[a]ccess to the courts is unquestionably a right of considerable constitutional significance," but it "'is neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991)). Sometimes, "[c]onditions and restrictions on [a] person's access are necessary to preserve the judicial resource for all other persons." *Id.* "Frivolous and vexatious law suits," like those continually pressed by Williams, "threaten the availability of a well-functioning judiciary to all litigants." *Id.*[3]

---

[3] "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge." *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986). The federal courts thus have used a variety of "injunctive devices" to protect their dockets from abuse by litigants who monopolize judicial resources through the serial riling of frivolous lawsuits, and they have "considerable discretion" in selecting the appropriate measure to curtail such abuse. *Id.* at 1072, 1074. Courts, however, may not "completely close the courthouse doors to those who are extremely litigious." *Cofield v. Alabama Public Service Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991); *Miller*, 541 F.3d at 1097 (in dealing with an abusive litigant, courts may "not impose blanket prohibitions on" all future filings by that litigant). But they are empowered to impose severe restrictions on an abusive litigant's ability to file further cases, including the requirement "to seek leave of court before filing pleadings in any new or pending lawsuit." *Procup*, 792 F.2d at 1072.

Accordingly, the Court recommends that the following restrictions be imposed upon petitioner:

1. As to any future civil actions sought to be commenced *in forma pauperis* (IFP) by petitioner, the Clerk be **DIRECTED**[4] to receive the papers, open a single miscellaneous file for tracking purposes, and forward them to the presiding judge for a determination as to whether petitioner qualifies for IFP status and whether he has stated a habeas claim with any arguable merit. Only if the pleading alleges a plausible claim for relief will the Court allow it to be filed. IFP petitions that fail to pass muster shall be **DISMISSED** without any further judicial action after **THIRTY (30) DAYS** from the date the Clerk receives the petition, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention."[5] Thus, although the Court will read and consider

---

[4] The Clerk is further **DIRECTED** to E-Serve this ruling upon Georgia's Attorney General, who is asked to assist in serving this Report and Recommendation, along with any adoption order and judgment, upon the prison account custodian for this petitioner. The custodian shall immediately remit the $5 filing fee.

[5] *Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997) (imposing, *inter alia*, a $500 sanction on a pro se inmate raising frivolous arguments in support of a third successive 28 U.S.C. § 2255 motion and instituting a special procedure where

any future IFP application and petition that Williams endeavors to file, it will not necessarily enter an order addressing the IFP application or petition. If no order is forthcoming, then **THIRTY (30) DAYS** after the petition's receipt the Clerk shall, without awaiting any further direction, notify Williams that his case has been dismissed per the form attached as an appendix to this R&R.

2. The Clerk shall not docket any further petitions, motions or papers in this case. The Clerk also shall not docket any further petitions, motions or papers in a case automatically dismissed pursuant to the directive above -- except for a notice of appeal. Any papers other than a notice of appeal shall be returned to petitioner unfiled. If he files a notice of appeal, the Clerk shall forward a copy of this Order, the notice of appeal, and the dismissed petition to the Court of Appeals. Petitioner shall remain responsible for appellate filing fees or he may move this Court to grant IFP status on appeal.

---

any future collateral attack filings "will be *deemed* rejected, without the need for judicial action, unless the court orders otherwise.") (applied in *Williams v. Darden*, No. CV411-213, doc. 66 (S.D. G.a. Oct. 21, 2016) (imposing a special review procedure for all future filings for a vexatious litigant), and *United States v. Hall*, CV493-045, doc. 21 (S.D. Ga. Mar. 21, 2010) (imposing $200 sanction against serial habeas filer and instituting a special review procedure for any future filings)).

3. To ensure that all future pleadings filed by Williams are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints filed by Williams are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

4. Petitioner may file a motion to modify or rescind the imposition of these restrictions **NO EARLIER THAN ONE (1) YEAR** from the date of this Order.

5. A copy of this R&R shall be forwarded to each judicial officer in this district.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing § 2254 Cases ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added). And, as there are no non-frivolous

issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __22nd__ day of March, 2017.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| IN RE: RONNIE EUGENE WILLIAMS | ) ) ) ) ) | Case No. MC____ |

## NOTICE

TAKE NOTICE that the case that you filed *in forma pauperis* on _____, 20__, has been **DISMISSED WITHOUT PREJUDICE** pursuant to this Court's Order in *Williams v. Allen*, CV417-036, doc. 3, *adopted,* doc. ___. The filing, a copy of which is attached hereto, has been docketed in *In re Williams*, MC _____. No further action will be taken on your case. You may resubmit it with the full filing fee payment.

SCOTT L. POFF, Clerk

By:_____
   Deputy Clerk

Date: _____